UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| EPIC COMPANIES, LLC, | Case No. 19-34752 (DRJ) |
| Debtors.[1] | (Jointly Administered) |
| JEFFREY T. VARSALONE, LIQUIDATING TRUSTEE, | |
| Plaintiff, | Adversary Proceeding |
| v. | Adv. No. 21-03893 |
| CENTRAL BOAT RENTALS, INC., | |
| Defendant. | |

## ANSWER TO COMPLAINT

Central Boat Rentals, Inc. ("Defendant") files this answer to the *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 (Dkt. No. 1) (*the "Complaint") filed by Jeffrey T. Varsalone, as Liquidating Trustee of the Epic Companies, LLC Trust, Plaintiff ("Trustee" or "Plaintiff"), as follows:

### THE PARTIES

1.  Defendant admits the Trustee was appointed as the trustee of the Epic Companies, LLC Trust. Defendant is without knowledge or information sufficient to form a belief as to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473); Epic Diving & Marine Services, LLC (2501); Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The mailing address of the Debtors is: P. O. Box 79625, Houston, TX 77279-9625.

1

truth of the remaining allegations contained in Paragraph 1 of the Complaint. Therefore, Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendant admits Paragraph 3 of the Complaint.

4. Defendant admits Paragraph 4 of the Complaint.

5. Defendant admits Paragraph 5 of the Complaint.

## SUMMARY OF THE COMPLAINT

6. The allegations of Paragraph 6 are purported legal conclusions or statements to which no response is required. To the extent a response if required, Defendant denies the allegations contained therein.

7. The allegations of Paragraph 7 are purported legal conclusions or statements to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

## STATEMENT OF RELEVANT FACTS

**A. The Debtors**

8. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies them.

9. Defendant admits Paragraph 9 of the Complaint.

10. Defendant admits that the Plan and Disclosure Statement speak for themselves. To the extent that the allegations contained in Paragraph 10 conflict with the terms of the Plan and Disclosure Statement, Defendant denies those allegations.

11. Defendant admits Paragraph 11 of the Complaint.

**B. The Transfers**

12. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore denies them.

13. Defendant denies it entered into agreements with one or more of the Debtors for the purchase of goods and/or services. Defendant admits that Paragraph 13 lists payments from the Debtors to the Defendant during the Preference Period (as that term is defined in the Complaint). Defendant denies the remaining allegations in Paragraph 13.

14. Defendant admits that one or more of the Debtors made transfers of an interest of Debtors' property to the Defendant during the Preference Period through payments aggregating not less than the amount set forth in Paragraph 14. Defendant denies the remaining allegations in Paragraph 14.

15. Defendant denies that the Trustee is entitled to the relief sought in the Complaint.

**C.  The Defendant's Statutory Defenses**

16. Defendant admits that it received a Demand Letter seeking a return of the Transfers. Defendant further admits that the Demand Letter indicated the possibility of statutory defenses available to the Defendant pursuant to section 547(c) of the Bankruptcy Code and requested that Defendant provide any evidence to support its affirmative defenses. Defendant admits that it responded to the Demand Letter. Defendant otherwise denies the allegations in Paragraph 16.

17. Defendant denies that the Plaintiff conducted a pre-suit investigation that was reasonable under the circumstances. Defendant also denies the remaining allegations contained in Paragraph 17, as Defendant believes that Plaintiff did not conduct the necessary due diligence to evaluate Defendant's affirmative defenses.

18. Defendant denies the allegations contained in Paragraph 18 and expressly objects to any further amendment of the Complaint except in accordance with the applicable Federal Rules of Bankruptcy and/or Civil Procedure.

**CLAIMS FOR RELIEF**

**First Claim for Relief**
**(Avoidance of Preferential Transfers under 11 U.AS.C. § 547)**

19. Defendant restates its answers to the foregoing Paragraphs as if set forth herein.

5122318V1

20. Defendant admits Paragraph 20 states the statutory language of 11 U.S.C. § 547(b) but otherwise denies the allegations contained therein.

21. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies them.

22. Defendant denies the allegations contained in Paragraph 22, to the extent that a Transfer was made to Defendant in connection with an purported assignment of claim in connection with a related entity, and otherwise denies the allegations contained herein.

23. Defendant denies the allegations contained in Paragraph 23 on the basis of the underlying contract documents pursuant to which the transfer was made.

24. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegation that each Transfer was made while the Debtors were insolvent. The remaining allegations of Paragraph 24 are legal conclusions to which no response or statement is required. To the extent a response is required, Defendant admits that 11 U.S.C. § 547(f) presumes that a debtor is insolvent on and during the ninety days immediately preceding the Petition Date, but otherwise denies the allegations in Paragraph 24.

25. Defendant admits that the Transfers were made within the Preference Period as defined in the Complaint, but otherwise denies the allegations in Paragraph 25.

26. Defendant denies Paragraph 26 of the Complaint.

27. Defendant denies Paragraph 27 of the Complaint.

### Second Claim for Relief
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

28. Defendant restates its answers to the foregoing Paragraphs as if set forth herein.

29. Defendant denies Paragraph 29 of the Complaint.

30. The allegations of Paragraph 30 are legal conclusions to which no response or statement is required. To the extent a response is required, Defendant admits that 11 U.S.C. §

550(a) permits recovery of a transfer from an initial transferee, but otherwise denies the allegations in Paragraph 30.

31.     Defendant admits that it was the initial transferee of the Transfers and the person for whose benefit the Transfers were made.  Defendant denies the remaining allegations of Paragraph 31.

32.     Defendant denies Paragraph 32 of the Complaint.

### Third Claim for Relief
### (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

33.     Defendant restates its answers to the foregoing Paragraphs as if set forth herein.

34.     Defendant denies Paragraph 34 of the Complaint.

35.     Defendant admits that it has not paid the amounts of the Transfers. Defendant denies the remaining allegations of Paragraph 35.

36.     Defendant denies Paragraph 36 of the Complaint.

### REQUEST FOR PRE- AND POST-JUDGMENT INTEREST

37.     Defendant denies Paragraph 37 of the Complaint.

### PRAYER FOR RELIEF

Defendant denies the Trustee is entitled to the relief sought in the Complaint (including the Trustee's prayer for attorneys' fees).  Defendant reserves its right to allege any and all other defenses it may have and/or maintain against the claims by the Trustee.

### AFFIRMATIVE DEFENSES

Defendant sets for the following affirmative defenses to the Complaint:

38.     The claims in the Complaint are barred because the Trustee did not undertake the requisite analysis nor take into account all known or reasonably knowable affirmative defenses of Defendant before filing the Complaint.

39. The claims in the Complaint are barred in whole or in part because the Transfers were intended by the Debtors and the Defendant to be contemporaneous exchanges for new value given to the Debtors; and each was in fact a substantially contemporaneous exchange. In particular, the transfer was made in connection with an agreement by which the Debtor sought assignment of a claim against non-debtor entity Ranger Offshore from Defendant to the Debtor.

40. The claims in the Complaint are barred because Defendant was the holder of liens against property of the estate and therefore did not receive more than it would have received in a Chapter 7 liquidation.

41. Without admitting that the transfers at issue were on account of an antecedent debt, and in the alternative, Defendant asserts that the claims in the Complaint are barred in whole or in part because Defendant received the Transfers in payment of a debt or debts incurred by Debtors in the ordinary course of business or financial affairs of Debtors and Defendant, and such Transfers were made in the ordinary course of business or financial affairs of the Plaintiff (the debtor) and Defendant,; or such Transfers were made according to the ordinary business terms in the industry.

42. The claims in the Complaint are barred because the claims are not based upon an antecedent debt, insofar as the debt at issue was that of a non-debtor entity Ranger Offshore.

43. The claims in the Complaint are barred in whole or in part because after each Transfer, Defendant gave new value to or for the benefit of the Debtors not secured by an otherwise unavoidable security interest; and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

44. The claims in the Complaint are barred in whole or in part because the Trustee may not avoid a transfer under section 547 of the Bankruptcy Code that is the fixing of a statutory lien

that is not avoidable under section 545 of the Bankruptcy Code. This includes transfers that preclude the imposition of such liens.

45. The Plaintiff's claims are barred in whole or in part by setoff and/or recoupment.

Defendant hereby reserves its rights to amend this Answer and to assert further defenses.

Dated: October 18, 2021

Respectfully submitted,

/s/ *Joseph P. Briggett*

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
Joseph P. Briggett, Esq.
601 Poydras St., Ste. 2775
New Orleans, Louisiana 70125
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
Email:  jbriggett@lawla.com
  *Counsel for Defendant, Coastal Boat Rentals, Inc.*
  *(Pro hac vice pending)*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on all counsel of record by Facsimile, Electronic Mail, or by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this 18th day of October 2021.

/s/ *Joseph P. Briggett*

5122318V1